L. B. SMITH et al., Appellants, v. S. H. SMITH, Respondent.

1. *Equity — Bill to set aside conveyance — Land bought with money of wife — Husband's consent, etc.* — The husband has a right, if he chooses, to give real estate to his wife, although paid for entirely by himself, and his consent that she shall receive the deed to herself will show his intention in that regard. But in the absence of any proof of such intent, if it shall appear that the property is purchased with the money of the wife, whether her sole and separate estate, or simply assets which the husband had the power to appropriate to his own use, the wife should not be divested of it. The husband's consent will be presumed, and even without it the title is properly in the wife.

*Appeal from St. Clair Circuit Court.*

*Burdett, Smith* and *Mead*, for appellants.

I. The personal property of the wife at the time of her marriage is thereby vested absolutely in the husband, and so with her choses in action reduced to possession during coverture. (See 2 Kent, 129, 143; Reeves Dom. Rel. 49; Sallee v. Arnold, 32 Mo. 532, and cases cited.)

II. The husband is entitled to the whole of the earnings and savings of the wife during coverture (1 Pars. Cont. 345 and note *x*, and authorities there cited; Reeves Dom. Rel. 139), and he is so entitled in equity, although they live separate from each other, and even if it be savings from her separate property or

from an allowance made her by him. (Prescott v. Brown, 23 Me. 305; Washburn v. Hale, 10 Pick. 429.) And this doctrine obtains in equity, even where the husband lives separate from the wife and in adultery with another woman, and permits his wife to carry on business in her own name and for herself. (Russell v. Brooks, 7 Pick. 65; 1 Kinne's Law Comp. 453.)

*Foster P. Wright*, for respondent, cited Tennison v. Tennison *et al.*, 46 Mo. 77; also Putnam v. Bicknell, 18 Wis. 333; Wallingsford v. Allen, 10 Pet. 594; Slanning v. Style, 3 P. W. 334; Deming v. Williams, 26 Conn. 226.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs are the heirs of Lockwood W. Smith, deceased, and the defendant was his wife. In 1858 the said Lockwood W. Smith purchased of one Gentry 520 acres of land in St. Clair county, for which he paid $2,000 down, gave his two promissory notes for $750 each, and took a title bond. In 1859 the first note was paid, and in 1865 the defendant, without her husband, went to said Gentry, paid him the balance due on the land, and pursuaded him to convey the property to her. The husband died without issue, and this suit is brought by his collateral heirs to set aside the conveyance as obtained by fraud, and vest the title in them.

In answer to the petition, which charges that all money paid belonged to the husband, that he never consented that his wife should receive the deed in her own name, and that she obtained it by false representations, she answers, and supports her answer by her subsequent testimony, that all the property of the family belonged to her, that she married her husband in New Orleans, and was worth at that time several thousand dollars and he was worth nothing; that they moved to Aspinwall, in Central America, where she kept hotel in her own name, her husband being sick, and the profits, under the laws of the place, became her own; that the $2,000 originally paid belonged to her, and from her earnings in Aspinwall she paid the balance, and in the meantime supported her husband, who spent most of his time in New York endeavoring

to regain his health. She also averred and testified that she took the deed to herself by her husband's consent, although he was not present.

The husband had a right, if he chose, to give the property to his wife, although paid for entirely by himself, and his consent that she should receive the deed to herself would show his intention in that regard. And in the absence of any proof of such intent, if it should appear that the property was purchased with the money of the wife, whether her sole and separate estate or simply assets which the husband had the power to appropriate to his own use, we would not divest her of it. His consent should be presumed, and even without it the title would be where it justly belonged and should not be disturbed.

I have carefully examined all the evidence, and am satisfied that the money with which the property was purchased never belonged to the wife, and that the husband never consented that the land should be conveyed to her. To arrive at this conclusion her testimony must be discredited, and I find it so improbable in some things, and so contradicted in material parts, that I am constrained to give it but little credit. It appears that one Hill was in some way connected with them in Aspinwall, and upon one of her visits to her husband in New York she persuaded him to sell the Missouri land to said Hill for $4,000. She desired him to execute a deed for her to take back, which he was very reluctant to do without the money, fearing, as he said, that he might thus be robbed of everything he had. She persuaded him that it would be perfectly safe, and promised to remit the money directly to New York. A correspondence ensued in regard to the money, in which she made contradictory statements ; never, however, claiming the money as her own, but promising to send it to him. His letters are not produced. The money was never sent, but this Mr. Hill conveys the land to her, for which she says she paid him $4,000. It is with this deed, but without the title bond, that she persuaded Gentry to make her a conveyance ; although she also told him at the time that her husband had given her a power of attorney to receive the deed, which power, however, has never been produced. There is reason to suspect that the sale to Hill was a *ruse* to obtain

the title through him for herself, and that she afterwards found that a deed from Gentry was necessary. Her testimony that the property was all hers is contradicted by evidence of her admission that she was poor at her marriage, and that some time after her husband showed his friends a large bag of gold in her presence, both agreeing as to the manner in which he had earned it. She is also contradicted in relation to the original purchase, she testifying that she bought the land, while Gentry swears that it was purchased and paid for by the husband. She supports her testimony by exhibits of several monthly receipts given to her in Aspinwall for rent of the hotel and for liquors bought at different times. These receipts show that in her husband's absence his wife did the business, which is not inconsistent with his ownership of the property.

The record shows other reasons for the conclusion which I have arrived at, and I think the plaintiffs are entitled to a judgment. The interest of defendant as wife will not of course be affected by it, and I think the cause should be remanded, that a judgment may be agreed upon that shall make it unnecessary for her to petition for her interest as wife. The other judges concur.